[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| REBECCA KELLY SLAUGHTER, in her official and personal capacities, *et al.*, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants-Appellants. | No. 25-5261 |

**OPPOSITION TO MOTION TO EXPEDITE**

This appeal arises from plaintiffs' termination from their roles as Commissioners of the Federal Trade Commission in March. On July 17, 2025, the district court granted summary judgment for plaintiff Rebecca Slaughter and issued an order reinstating her to office. The government appealed and moved for a stay of that order pending appeal.[1]

The government filed its initial submissions on August 18, 2025. On that same day, plaintiffs moved for expedition of the briefing schedule, before this Court has even resolved the government's stay request. Plaintiffs have proposed that the government's opening brief be two weeks from an

---

[1] This Court has administratively stayed the order while it considers whether to grant the request for a stay pending appeal.

order of the Court granting expedition, the answering two weeks later, and the reply brief within a week.

This Court should deny plaintiffs' request to significantly expedite this appeal. Plaintiffs urge that their proposed, highly-expedited schedule is necessary because of the "public's interest" in the FTC's structure and a need for "clarity" on the questions presented by this case. Motion at 5. But clarity on the constitutional issues is forthcoming. This case will likely be controlled, and at least substantially influenced, by this Court's upcoming decisions in *Wilcox v. Trump*, No. 25-5057, and *Harris v. Bessent*, No. 25-5055, concerning the President's removal of principal executive officers with statutory removal restrictions (members of the National Labor Relations Board and the Merit Systems Protection Board). Those cases have been fully briefed and were argued before the Court in May. Both cases squarely present the issues of (1) whether the President possessed constitutional authority to remove principal executive officers who serve as the head of a multimember executive agency, and (2) whether district courts possess authority to order the reinstatement of a principal executive officer removed by the President. Both of those issues are presented in this case. There is no reason to rush briefing here when the parties do not yet

2

know the substance of this Court's forthcoming decisions in *Wilcox* and *Harris*.

Plaintiffs note that the government acquiesced to expedited briefing on the merits in *Harris* and *Wilcox*. Mot. 8. Since that substantive merits briefing is complete, that counsels in favor of waiting for this Court's resolution of the merits before briefing how those decisions apply here. There is significant value to the parties' delving into legal and constitutional questions in greater depth for this Court's consideration. While the government disagrees with plaintiffs' merits arguments, this Court would not be well served by such expedited merits briefing in the absence of additional guidance from this Court on the underlying constitutional issues.

Plaintiffs also note that the government did not oppose expedition in a Fourth Circuit appeal concerning the President's removal of agency heads. Mot. 8. This Court's decisions in *Wilcox* and *Harris*, of course, will not be binding on the Fourth Circuit and government did not oppose expedition in *Boyle v. Trump*, No. 25-1687 (4th Cir.) based on the timing and circumstances of that case.

The government would not oppose a reasonable briefing schedule that could also accommodate government counsel's large number of other court deadlines and additional obligations. Counsel with primary

3

responsibility for drafting the government's briefs in this case, Laura Myron and Daniel Aguilar, have a large number of both recent and upcoming deadlines that would make it difficult to prepare and file briefs under plaintiffs' proposed schedule. *See, e.g.*, *Boyle v. Trump*, No. 25-1687 (4th Cir.) (opening brief filed August 11, 2025; reply brief due August 29, 2025); *Twenty-Nine Palms Band of Indians v. Bondi*, No. 25-2340 (9th Cir.) (response to injunction pending appeal filed Aug. 18, 2025; pending unopposed motion to extend answering brief deadline to Sept. 19, 2025); *Texas Tobacco Barn LLC v. FDA*, No. 25-60200 (5th Cir.) (answering brief due September 3, 2025 on extension); *Grundmann v. Trump*, No. 25-5165 (D.C. Cir.) (opening brief due Sept. 3, 2025); *Abhyanker v. U.S. Patent and Trademark Office*, No. 25-3362 (9th Cir.) (answering brief due Sept. 5, 2025 on extension); *D and A Business Investments LLC v. FDA*, No. 25-1074 (D.C. Cir.) (answering brief due Sept. 12, 2025 on extension); *Millennia Housing Management v. HUD*, No. 25-3373 (6th Cir.) (answering brief due Sept. 15, 2025); *Hernandez v. Sierra*, No. 25-50327 (5th Cir.) (answering brief due Sept. 29, 2025); *Lemelson v. SEC*, No. 25-5208 (D.C. Cir.) (answering brief due Oct. 3, 2025).

Expedition should be denied.

4

          Respectfully submitted

          LAURA E. MYRON
           */s/ Daniel Aguilar*
          DANIEL AGUILAR
             *Attorneys, Appellate Staff*
             *Civil Division*
             *U.S. Department of Justice*
             *950 Pennsylvania Avenue NW*
             *Washington, DC 20530*
             *(202) 305-1754*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 741 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Georgia, a proportionally spaced typeface.

*/s/ Daniel Aguilar*
Daniel Aguilar