[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

REBECCA KELLY SLAUGHTER, in her
official and personal capacities, *et al.*,

Plaintiffs-Appellees,

v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*,

Defendants-Appellants.

No. 25-5261

**MOTION TO GOVERN FUTURE PROCEEDINGS**

In March of 2025, the President removed Rebecca Slaughter and Alvaro Bedoya from their positions as Commissioners of the Federal Trade Commission. *Trump v. Slaughter*, 609 U.S. ---, 2026 WL 1855612, at *6 (2026). Slaughter and Bedoya both sued to challenge their removals as unlawful, because Congress had restricted the removal of FTC Commissioners to instances of inefficiency, neglect of duty, or malfeasance in office. 15 U.S.C. § 41. Bedoya's claims were dismissed as moot after he "formally resigned from his position on the FTC." *Slaughter*, 2026 WL 1855612, at *6 n.1. The district court granted Slaughter's motion for summary judgment and "issued a permanent injunction barring

interference with Ms. Slaughter's right to perform her lawful duties." *Id.* at *6 (quotation marks omitted).

The Supreme Court granted certiorari before judgment and reversed. *Slaughter*, 2026 WL 1855612, at *7, 27. The Court held that the statutory removal restriction in 15 U.S.C. § 41 "is contrary to the separation of powers enshrined in the Constitution," *id.* at *6, and that "the President may remove his subordinates at will," *id.* at *11. Although the Supreme Court had upheld 15 U.S.C. § 41 in *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), the Court held that "*Humphrey*'s framework * * * has not withstood the test of time," and that "[i]f anything more *is* left of *Humphrey*'s, we overrule it," *Slaughter*, 2026 WL 1855612, at *14-15.

The Court then held that the "FTC unquestionably exercises executive power, and must therefore be controlled by the Chief Executive, in whom such power is vested. It follows, then, that Slaughter served as the President's subordinate at the FTC—and that the President was entitled to cut her tenure short." *Slaughter*, 2026 WL 1855612, at *18.

Consistent with that decision, the case should be remanded to the district court with instructions to dismiss the complaint challenging plaintiff's removal. *See* Compl. 16-20, Dkt. 1, *Slaughter v. Trump*, No. 25-909 (D.D.C. Mar. 27, 2025) (complaint's causes of action and requests for

2

relief predicated on the constitutionality of the removal restrictions in 15 U.S.C. § 41). We have conferred with counsel for plaintiff, who does not oppose this motion.

Respectfully submitted

BRETT A. SHUMATE
  *Assistant Attorney General*
ERIC D. MCARTHUR
  *Deputy Assistant Attorney General*

MARK R. FREEMAN
MICHAEL S. RAAB
LAURA E. MYRON
*/s/ Daniel Aguilar*
DANIEL AGUILAR
  *Attorneys, Appellate Staff*
  *Civil Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-1754*

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 360 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in 14-point Georgia, a proportionally spaced typeface.

*/s/ Daniel Aguilar*
Daniel Aguilar

## CERTIFICATE AS TO PARTIES

### A.     Parties and Amici

Plaintiffs are Rebecca Kelly Slaughter and Alvaro M. Bedoya. Defendants are Donald J. Trump, in his official capacity as President of the United States of America; Andrew N. Ferguson, in his official capacity as Chairman of the Federal Trade Commission (FTC); Melissa Holyoak, in her official capacity as FTC Commissioner; and David B. Robbins, in his official capacity as the Executive Director of the FTC.

The States of Colorado, Hawai'i, Illinois, Minnesota, Washington, Arizona, California, Connecticut, Delaware, Maine, Maryland, Massachusetts, Michigan, Nevada, New Jersey, New York, Oregon, Rhode Island, Vermont, and Wisconsin, the District of Columbia, John C. Coates, Jeffrey N. Gordon, Kathryn Judge, Lev Menand, Jed H. Shugerman, and 251 Members of Congress filed briefs as amicus curiae in support of plaintiffs in district court.

The States of Alabama, Alaska, Arkansas, Florida, Idaho, Indiana, Iowa, Kansas, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Oklahoma, South Carolina, Tennessee, Texas, Utah, Virginia, and West Virginia, the Arizona Legislature, and the Christian Employers

Alliance filed briefs as amicus curiae in support of defendants in district court.